Argued May 22, affirmed June 18, petition for rehearing denied
July 11, petition for review denied September 5, 1973

STATE OF OREGON, *Respondent, v.* DELBERT
KENNETH ZIMMERMAN (No. C-72-01-0181),
*Appellant.*
510 P2d 1336

*Oscar D. Howlett,* Portland, filed the brief for appellant.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from jury conviction in circuit court of driving while under the influence of intoxicating liquor. ORS 483.992. He had appealed to the circuit court from jury conviction for the same offense in district court.

The material assignment of error he makes is that there was not competent proof concerning the training of the police officer who gave him a breathalyzer test, the results of which were received in evidence, with reference to methods in which he was schooled and to equipment he had knowledge to use.

ORS 483.644 (1) and (2) (e) provide:

"(1) Chemical analyses of the person's breath, blood, urine or saliva, to be valid under ORS 483.642, shall be performed according to methods approved by the State Board of Health and by an individual possessing a valid permit to perform such analyses issued by the State Board of Health.

"(2) The State Board of Health shall:

"* * * * *

"(e) Issue permits to individuals according to their qualifications. Permits shall be issued to police officers only upon satisfactory completion

of the prescribed training course and written examination and *the permit shall state the methods and equipment* which the police officer is qualified to use * * *." (Emphasis supplied.)

Defendant asserts with reference to the permit issued to the officer:

"* * * This certificate nowhere stated the methods and equipment which Bogus [the officer] was qualified to use."

The questioned document, received in evidence, in pertinent part provides:

"This is to certify that DARWIN H. BOGUS has successfully completed the prescribed training course and written examination in **ALCOHOL BREATH TESTING** and is qualified to operate the instruments specified below:

"Instrument

"Stephenson Corporation Breathalyzer Model 900 * * *."

The officer testified that the test was given on a Stephenson Corporation Breathalyzer Model 900.

Defendant does not suggest what more the certificate or permit could say to comply with the statute.

There is no showing that "method," as the word is used in the statute, means other than one of the four designated analyses, namely, breath, blood, urine or saliva, was intended by the legislature to be a method. However, if "method" is interpreted to mean one of several possible chemical procedures by which breath is tested to ascertain blood-alcohol content, then the certification that the officer was proficient in the use of the machine mentioned in the certificate is sufficient, against an otherwise silent record, to prove

that he is qualified in the method employed by that machine, which in turn has been approved by the Board of Health.

Affirmed.