Argued October 22, reversed and remanded November 18, reconsideration denied December 18, 1974, petition for review denied January 14, 1975

## STATE OF OREGON, *Appellant, v.* JACK DUANE HANSON (Nos. 34201 and 34210), *Respondent.*

528 P2d 100

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*S. David Eves,* Corvallis, argued the cause for respondent. On the brief were Ringo, Walton, McClain & Eves, Corvallis.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

In a district court jury trial defendant was found guilty of driving while under the influence of intoxicating liquor (ORS 483.992 (2)) and of driving with .15 percent or more blood-alcohol content (ORS 483.-999 (1)). These convictions were then appealed to the circuit court where motions were made to suppress the results of the breathalyzer test relied upon by the state. The basis of the motions was, in effect, that the officer who made the arrest and performed the test had failed to "make certain" that defendant had not taken anything by mouth, vomited or regurgitated liquid from his stomach into his mouth for at least 15

minutes before taking the test. These precautions are specifically the requirements of Oregon Administrative Rules, ch 333, § 13-020 (1)(b), formulated pursuant to ORS 483.644 (1).[1] The state has appealed here from the circuit court orders excluding the test results. ORS 138.060 (3).

At the hearing on the motions the arresting officer testified that after being transported to the jail defendant was asked to refrain from smoking or putting anything to his mouth before completion of the breathalyzer test; that for approximately 17 minutes prior to beginning the examination he remained in the same room with the defendant, continuously "observing" him except for "momentary" breaks while the video tape was turned on and off and while the breathalyzer checklist was prepared. He testified he did not see the defendant drink, smoke, eat, take medication, vomit or regurgitate liquid during that period. On cross-examination the officer conceded that just before taking the test defendant coughed. A deputy sheriff, also in the same room for the whole time, offered testimony substantially the same as that provided by the arresting officer.

A video tape which included a record of approxi-

---

[1] OAR 333-13-020 (1)(b) provides:

"Pre-Test Requirement—The operator must make certain the subject has not taken anything by mouth (drinking, smoking, eating, taking medications, etc.) vomited or regurgitated liquid from his stomach into his mouth for at least fifteen minutes before taking the test."

ORS 483.644 (1) provides:

"Chemical analysis of the person's breath, blood, urine or saliva, to be valid [as evidence] * * * shall be performed according to methods approved by the Health Division and by an individual possessing a valid permit to perform such analyses issued by the Health Division."

mately six minutes of the 17-minute interval was shown to the circuit judge.

Defendant produced no evidence.

In explanation of his decision to order the suppression of the results, the circuit judge made these comments:

"In that six minutes [of the video tape], I counted three coughs. * * * '* * * [H]as fifteen minutes elapsed since the subject took anything by mouth (drinking, smoking, eating, taking medication, et cetera, vomited or regurgitated) before breath test?'

"It appears that that is a two edged sword; taking it in both externally and taking it internally. The questions that were asked the officers were not, 'Was anything taken into the mouth,' but 'Did they observe anything being taken into the mouth?'

"I suggest that they could have observed anything being taken in externally; they could not have observed anything being taken in internally.

"The videotape itself shows Officer or Trooper Osborne, and it would be easy to time it, but my guess would be almost the first minute of the videotape was with his back to the subject, and various other times.

"Deputy Baylor's testimony as to his location would have been with his back to the subject at all times he was seated, would have been to his rear and right."

The circuit judge's ruling appears to be the result of misunderstandings of (1) the relative burdens imposed upon the defendant and the state in actions such as this, and (2) the nature of the procedural requirements incorporated into OAR ch 333.

Although compliance with approved procedures should obviously be a prerequisite to the admission of

evidence which will typically be a decisive factor in a trial on a charge of driving while under the influence (ORS 483.992 (2)) and the determining factor in a trial on a charge of driving a motor vehicle with an excessive level of blood alcohol in one's system (ORS 483.-999 (1)), such compliance will normally be presumed upon the presentation by the state of a prima facie case. In order to prevail, a defendant must introduce into the record facts which, if true, demonstrate that the "official duty"—the administering of the breathalyzer test—has not been "regularly done." *See* ORS 41.-360 (15). The discussion of this presumption as it applies to use of breathalyzer equipment in *State v. Fogle,* 254 Or 268, 459 P2d 873 (1969), does not dissuade us from applying it in this situation. There, the questioned performance of duty related to Health Division testing of the machine. Here, the issue is the adequacy of an officer's observation of an individual being prepared to take the examination. *See also State v. McKay,* 15 Or App 180, 515 P2d 183 (1973), Sup Ct *review denied* (1974); *State v. Zimmerman,* 14 Or App 17, 510 P2d 1336, Sup Ct *review denied* (1973); and *State v. Coffman,* 11 Or App 307, 502 P2d 605 (1972). Defendant declined to present any evidence whatsoever in support of his motions. Because the testimony of the officers was perfectly consistent with the presumption of regular performance, the court must necessarily have based the suppression orders on its review of the video tape also submitted by the state.

Thus, the circuit judge appears to have concluded that Trooper Osborne's failure to respond to the "coughs" recorded on the tape by either postponing the examination or scrutinizing closely the interior of the defendant's mouth constituted as a matter of law

a failure to "make certain" that the defendant had not "regurgitated liquid from his stomach into his mouth * * *," thereby invalidating the results acquired.

■ Failure to "make certain" that a suspect does not put anything into his mouth, vomit, or *regurgitate liquid from his stomach* for the required 15 minutes will void the results of a breath analysis because any of those acts may introduce into the mouth traces of alcohol which will contaminate the "alveolar" (lung) air which breathalyzer equipment is designed to gauge. The approved methods set out by the Health Division in OAR ch 333 are designed to assure an uncontaminated breath sample; both vomiting—discharge from the stomach through the mouth—and regurgitation of liquids from the stomach into the mouth are likely to result in the presence of residual mouth alcohol which will cause the test results to show an artificially high percentage of alcohol. A "cough"—"to expel air suddenly and noisily from the lungs * * *" (Webster's New Twentieth Century Dictionary 415 (unabridged 2d ed 1964))—will not cause the same contamination the regulation seeks to avoid. Significantly, the pretest procedures delineated in OAR 333-13-020 do not require an operator to "make certain" that a defendant has not "coughed."

■ We have reviewed the video tape relied upon by the circuit judge, although its deteriorated quality made viewing difficult. Appearances were that defendant had not placed any substance in his mouth, vomited or "regurgitated liquid from his stomach * * *" during the interval recorded. The room where the time interval elapsed appeared to be small—the three occupants of the room were quite close together—and,

although there were short lapses of time when the officers were not looking at defendant's face, they were in a position to "observe" with all of their perceptory senses. As noted above, the testimony of these officers was that no regurgitation of liquids occurred.

The evidence in this record does not support a finding that the precautions required by ORS 483.-644 (1) and OAR 333-13-020 were not adequately taken.

Reversed and remanded.