Argued April 24, affirmed June 20, 1978

## STATE OF OREGON, *Respondent,*
### *v.*
## ALBERT ANTON KACALEK, *Appellant.*
### (No. 122475, CA 9731)
580 P2d 205

David A. Hilgemann, Salem, argued the cause for appellant. With him on the brief was Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendant appeals his conviction by a jury of driving under the influence of intoxicants, ORS 487.540. He contends his motion for acquittal should have been granted because the state failed to prove venue. His second contention is the results of the breathalyzer test should have been excluded because the operator did not examine the inside of defendant's mouth prior to administering the test.

Defendant was arrested in Hubbard, Oregon. The arresting officer testified he was a Marion County Sheriff's Deputy and was in uniform on routine patrol in Hubbard, Oregon. He observed the defendant driving on a street in Hubbard and followed him for approximately 100 yards on a Hubbard street prior to stopping him. The officer was not asked and did not testify that Hubbard is located in Marion County.

The Oregon Constitution, Art I, § 11, guarantees a criminal defendant a trial in the county where the offense was committed. Venue is a necessary element that must be proved beyond a reasonable doubt. However, it need not be proved by direct evidence but may be inferred by the jury from all the evidence. *State v. Cooksey*, 242 Or 250, 409 P2d 335 (1965); *State v. Jones*, 240 Or 129, 400 P2d 524 (1965); *State v. Ledder*, 31 Or App 487, 570 P2d 994 (1977).

We conclude the testimony of the arresting officer is sufficient to support a finding by the jury that the offense was committed in Marion County, Oregon. The officer testified he was a Marion County Deputy Sheriff and, acting in that capacity, was on routine patrol in Hubbard, Oregon, when he observed the defendant driving a motor vehicle.

Defendant's second assignment of error relates to the procedure used by the breathalyzer operator in administering the test. The basis of the defendant's objection to the test results was that the officer did not "make certain" the defendant had not taken anything

by mouth, vomited or regurgitated liquid from his stomach into his mouth for at least 15 minutes prior to blowing into the machine. These precautions are specifically required by OAR, ch 333, § 13-020(1)(b):

"The operator must make certain the subject has not taken anything by mouth (drinking, smoking, eating, taking medications, etc.,) vomited, or regurgitated liquid from his stomach into his mouth for at least fifteen minutes before taking the test."

The operator of the breathalyzer testified he, the defendant and the arresting officer were in a small room containing the breathalyzer machine, and that he observed the defendant for 20 minutes prior to administration of the test. He stated during this time the defendant did not take anything into his mouth, vomit or regurgitate. On cross-examination he stated he did not examine the inside of defendant's mouth.

In *State v. Hanson*, 19 Or App 498, 528 P2d 100 (1974), *rev den* (1975), we noted if the state establishes prima facie compliance with the above cited administrative rule there is a presumption the administration of this part of the breath test was regularly done. Defendant argues it is necessary for the breathalyzer operator to examine the inside of the defendant's mouth in order to "make certain" he has not vomited or regurgitated liquid from his stomach. The rule imposes no such requirement and we decline to amend the rule by holding, as a matter of law, it must be required.

Affirmed.