Argued and submitted February 25, 1984, reversed and remanded for trial July 3, reconsideration denied September 13, petition for review denied October 1, 1985

(300 Or 111)

# STATE OF OREGON,
*Appellant,*

*v.*

# LAVANIOUS ALLEN,
*Respondent.*

## (M366384; CA A33479)

702 P2d 1118

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Paul W. Dudley, Multnomah Defenders, Inc., Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

The state appeals from a pretrial order suppressing evidence of the result of a breath test. ORS 138.060(3). Defendant was charged with driving under the influence of intoxicants. ORS 487.540. The court granted defendant's motion, because he had dentures in his mouth when he took the breath test. We reverse and remand for trial.

The trial court made the following findings of fact:

"1.   On August 2, 1983, at approximately 8:40 p.m., Portland Police Officer Larry P. Nelson stopped defendant who was driving his car on NE Union Avenue near NE Emerson Street. Officer Nelson noticed defendant because he accelerated rapidly away from a green light, he was doing approximately 40 MPH in a 30 MPH zone, and there was gasoline spilling out of defendant's car. The officer noticed signs of intoxication, administered a few field sobriety tests, and arrested defendant for Driving Under the Influence of Intoxicants.

"2.   Following the arrest and at about 8:55 p.m., Officer Nelson transported defendant to the police traffic office at NE 47th & Burnside. He watched defendant throughout this entire period of time. He took defendant into the Intoxilyzer room. He administered the Intoxilyzer test at 9:17 p.m. and completed it at 9:20 p.m. The test results were .17 percent.

"3.   Unknown to the officer, defendant was wearing dentures the night of the arrest. He did not mention their presence to the officer, nor did the officer ask him whether he had dentures. Defendant's dentures were a 'full set' with top and bottom plates. Defendant had worn the dentures throughout the day, including the period of time when he had been drinking beer. He wore those dentures during the performance of all tests, including the intoxilyzer test.

"4.   The statutes controlling DUII and breath tests (ORS 487.540, 487.545, 487.815, etc.) provide generally that breath tests are to be administered in compliance with rules established by the Department of State Police.

"5.   Oregon Administrative Rule 257-30-020(1)(b), relating to the Intoxilyzer, states: 'Pre-Test Requirement. The operator must make certain that the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth[,] for at least 15 minutes before taking the test.'

"6. The Oregon State Police *Operator's Manual,* Ch. 4 (2nd printing 1981), *reprinted in* Oregon Criminal Defense Lawyers' Assoc., *The DUII Trial Notebook* (1982), states at p. 8-84:

" 'The reason for the fifteen minute wait is that it allows sufficient time for any mouth alcohol to leave, so a true reading on the deep lung alcohol can be obtained. It is always good to check the person's mouth for any substance when you start your observation so you do not, at the last minute, discover that they have some tobacco, gum or other things in their mouth, making it necessary for you to waste another fifteen minutes.'

"7. Dentures in a person's mouth have a significant impact upon the accuracy of breath test results. This fact is substantiated by the relevant literature. *See, e.g.,* 1 R. Erwin, *Defense of Drunk Driving Cases* § 18.03 (3d Ed. 1982); 17 *Proof of Facts 2d* 1 (1978)."

There is no dispute that the officer followed the intoxilyzer operator checklist that OAR 257-30-020 prescribes for operation of model number 4011A. The state put in evidence the checklist, the certification of the breath testing equipment, the officer's permit for chemical analysis of a person's breath and the intoxilyzer test record printout card. At defendant's request, the officer read into evidence the excerpt from the Oregon State Police Manual which the court quoted in its finding of fact 6.

On cross-examination the officer testified that before giving the test he did not inquire if defendant wore dentures, did not know that defendant wore dentures and did not ask that they be removed. The officer testified that he would have done nothing even if he had known that defendant wore dentures.

The state asserts that, to make the results of the breath test admissible, the test operator need only follow the pre-test procedures that are prescribed in OAR 257-30-020(1)(b):

"Pre-Test Requirement. The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth, for at least 15 minutes before taking the test."

Although the state acknowledges that dentures might affect the test results, it asserts that, because the administrative rule does not require their removal, their presence in defendant's mouth during the test goes only to the weight of the test results.

Defendant does not challenge the administrative rule, but argues that it requires that the test operator remove dentures from the driver's mouth before beginning the test, because the list of examples ("drinking, smoking, eating, taking medication, etc.") in OAR 257-30-020(1)(b) is not intended to be all inclusive. He contends that nothing which might retain alcohol may be in the driver's mouth for at least 15 minutes before the test is taken and that the Oregon State Police Operator's Manual supports this interpretation.

The trial court's conclusions of law state the reasons for its decision:

"1.   Under the state statutes and administrative rules governing administration of breath tests, police officers are required to make certain, during a 15-minute period prior to administering the test, that the arrested driver has nothing in his or her mouth that would affect the breath test results and give an incorrect measure of the true percentage of alcohol in the bloodstream. *State v. Hanson,* 19 Or App 498 [,528 P2d 100] (1974) rev den (1975).

"2.   The purpose of these regulations is to ensure that the machine measures an uncontaminated sample of alveolar air. *Hanson, supra* at 503. 'The purpose of the requirements written into ORS 487.815 is to ensure that, when the determination of the person's blood alcohol level is made by testing his breath, the determination is accurate, that is, it is a fact. Before a fact that is the result of scientific testing is admissible, it must be established that correct testing procedures were followed.' *State v. Milstead,* 57 Or App 648, 664 [,646 P2d 63] (1982) (Warden, J., concurring.)

"3.   The purpose of the statutes and regulations is to ensure that there are no foreign objects or materials in the mouth which would interfere with accuracy of measurement. Dentures are foreign objects which do interfere with breath measurement accuracy. Because denture plates can trap and retain traces of alcohol in the mouth, the Administrative Rule is violated when a test is administered while the person wears dentures. Dentures are, to quote the *Operator's Manual,*

'other things in [the] mouth making it necessary for you to waste another fifteen minutes.'

"4. *State v. Kacalek,* 34 Or App 967 [,580 P2d 205] (1978), appears to hold that state regulations do not require a breath test operator 'to examine the inside of defendant's mouth.' This opinion does not require that either. Compliance with the regulations, however, requires that foreign objects be removed from the mouth. In those cases where the person to be tested wears dentures, a fair interpretation of the regulations requires that the dentures be removed for at least 15 minutes before the breath test is administered.

"5. Because the presence of dentures in this case resulted in an inaccurate measurement, and because such a result would have a significant impact on a jury verdict, the inaccurate reading should not be admitted at trial."

■ The court erred. Neither ORS 487.815 nor OAR 257-030-020 requires that the operator make certain that during a 15-minute period before administering the test the arrested person has nothing in his mouth that would cause an incorrect reading of the level of alcohol in the blood. Moreover, the administrative rule does not require that dentures be removed. It requires only that the operator make certain that, for at least 15 minutes before taking the test, the driver has not taken anything by mouth, vomited or regurgitated liquid from his stomach into his mouth, a requirement that was not violated here.

■ In *State v. McClary,* 59 Or App 553, 651 P2d 145 (1982), we held that a failure to check the light bulb in the "error light" did not render the results of the breath test inadmissible:

"Where breath test results are obtained by a qualified operator from a machine certified as accurate after all steps and procedures mandated by statute and administrative rules have been properly performed, the results cannot be excluded from evidence simply because the operator neglected to perform some additional unrequired function.

"It is not enough for defendant to say that the checking of the error light might have been desirable as an additional means of assuring the accuracy of the breath test results. When the question is one of admissibility, the court need look only to those procedures that are mandated." 59 Or App at 556. (Footnote omitted.)

Although testing procedures must be followed, the administrative rule prescribes those procedures. *See State v. Kacalek,* 34 Or App 967, 580 P2d 205 (1978); *State v. Hanson,* 19 Or App 498, 528 P2d 100 (1974), *rev den* (1975); *Annot.,* 96 ALR 3d 745 (1979); 17 Proof of Facts 2d, § 5, pp. 16-17 (1978). OAR 257-30-020(1)(b) does not prescribe the removal of dentures. The presence of dentures in a person's mouth during administration of the breath test may go to the weight of the test results, but it does not make those results inadmissible.

Reversed and remanded for trial.