## STATE OF OREGON,
*Respondent,*

*v.*

## DENNIS W. LESSAR,
*Appellant.*

(89121623C; CA A65149)

805 P2d 730

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney

General, Virginia L. Linder, Solicitor General, and Vera Langer, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He assigns error to the admission of the Intoxilyzer test result, arguing that the test was not administered in compliance with OAR 257-30-020(1)(b),[1] which requires that the test operator "must make certain" that the subject has not taken anything by mouth, vomited or regurgitated liquid from his stomach into his mouth for at least 15 minutes before taking the test. We affirm.

The trial court found:[2]

"On September 24th, 1989, at approximately 5:45 P.M., Oregon State Trooper Douglas Larson stopped a vehicle being operated by the Defendant, Dennis W. Lessar, on Highway 395 at Milepost 60, which is North of Burns, Oregon. After administering field sobriety tests to the Defendant, Trooper Larson placed the Defendant under arrest for Driving While Under the Influence at approximately 6:00 P.M. on September 24th, 1989. The Defendant's hands were handcuffed in front of him. The Defendant was placed in the right rear of the Trooper's patrol vehicle.

"The upper portion of a barrier inside the patrol vehicle was constructed of clear plexiglass and included a sliding portion which was open. Trooper Larson had requested the Burns City Police Department to run the Defendant's record.

"The printouts, with times of 6:12 P.M. and 6:14 P.M., were picked up from the Burns Police Department at approximately 6:15 P.M. The Trooper left the Defendant unattended in the patrol vehicle for approximately one minute while he picked up the printouts. The Trooper then drove the Defendant to the Harney County Sheriff's Office — a distance of eight blocks. The Trooper checked out [terminated radio contact with the dispatcher and arrived] at the Harney County Sheriff's Office at 6:21 P.M. The Defendant was administered

---

[1] OAR 257-30-020(1)(b) provides:

"Pre-Test Requirement. The [Intoxilyzer] operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth, for at least 15 minutes before taking the test."

[2] The trial court's fact findings and conclusions are quoted from its order denying defendant's motion *in limine* and motion to suppress. Defendant assigns as error the trial court's denial of his motion to suppress at trial as well as the denial of his motion *in limine*.

an [I]ntoxilyzer test at 6:35 P.M. The full fifteen minute observation period required before administering the [I]ntoxilyzer test thus involved one minute during which the Defendant was being transported the distance from the Burns Police Department to the Harney County Sheriff's Office.

"The Trooper did not observe the Defendant place anything into his mouth during the fifteen minute period prior to administering the [I]ntoxilyzer test. The Trooper did not observe the Defendant vomit or regurgitate during the fifteen minute period prior to administering the [I]ntoxilyzer test. The Trooper is quite certain that the Defendant did not vomit or regurgitate during the said fifteen minute period but cannot be certain that the Defendant placed nothing in his mouth during the applicable transport time. See Exhibit #101 [partial transcript of suspension hearing before the Motor Vehicles Division]."

In denying defendant's motion to suppress, the trial court concluded:

"3. If there is an insufficient factual basis for the operator to be certain that the pre-test requirements have been met, an [I]ntoxilyzer test result will be suppressed. *State v. McVay*, 83 Or App 312, 315[, 731 P2d 466] (1987).

"4. On the other hand, compliance with such pre-test requirements will normally be presumed upon the presentation by the State of a prima facie case. In order to prevail, a Defendant must place facts on the record which, if true, demonstrate that official duty in administering the test was not regularly done. *State v. Hanson*, 19 Or App 498, 502[, 528 P2d 100] (1974)[, *rev den* (1975)]. For instance, for an operator to be certain that pre-test requirements have been met, such a conclusion will not necessitate an examination of the inside of a defendant's mouth. *State v. Kacalek*, 34 Or App 967, [9]70[, 580 P2d 205] (1978).

"5. In this case, there is no demonstration that the official duty in administering the [I]ntoxilyzer test was not regularly performed. The Defendant was with Trooper Larson during the full fifteen minute period prior to administering the [I]ntoxilyzer test, and Trooper Larson observed the Defendant in a reasonable manner. Simply because the Trooper cannot testify with *absolute* certainty that the Defendant placed nothing in his mouth, absent some sort of showing that he did in fact place something in his mouth or had access to something which could have affected the results of the testing, or because the Trooper cannot testify that the

Defendant didn't burp and possibly regurgitate something from the gastric tract, absent some sort of showing that there was some sort of regurgitation, does not render evidence of the [I]ntoxilyzer test inadmissible. The question rather, in this Court's opinion, simply becomes one for the factfinder at trial, to wit, the jury, to determine whether from all of the circumstances involving this case the [I]ntoxilyzer test should be accorded any weight." (Emphasis in original.)

Defendant argues that the breath test results must be suppressed under OAR 257-30-020(1)(b) and focuses on the finding that the trooper could not be certain that defendant had not put anything in his mouth while he was in the patrol car. The state contends that the trooper's testimony that he did not observe defendant place anything into his mouth during the pertinent time period is sufficient to carry the state's burden. Defendant did not testify that he had regurgitated, vomited or taken anything by mouth during the transport to the jail.

■■■ We are bound by the historical facts found by the trial court. If findings are not made on all such facts, and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the trial court's ultimate conclusion. Whether the historical facts found are sufficient to sustain the court's legal conclusion is a question that falls within our scope of review. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968).

In *State v. Hanson, supra,* we held under an identical administrative rule:

"Although compliance with approved procedures should obviously be a prerequisite to the admission of evidence which will typically be a decisive factor in a trial on a charge of driving while under the influence * * *, such compliance will normally be presumed upon the presentation by the state of a prima facie case. In order to prevail, a defendant must introduce into the record facts which, if true, demonstrate that the 'official duty'—the administering of the breathalyzer test——has not been 'regularly done.' * * * Here, the issue is the adequacy of an officer's observation of an individual being prepared to take the examination. Defendant declined to present any evidence whatsoever in support of his motions. Because the testimony of the officers was perfectly consistent with the presumption of regular performance, the court must

necessarily have based the suppression orders on its review of the video tape also submitted by the state.

"* * * * *

"The evidence in this record does not support a finding that the precautions required [by the rule] were not adequately taken." (Citations omitted.)

The threshold issue is whether the state has presented a *prima facie* case. The trial court found that the trooper was quite certain that defendant did not vomit or regurgitate during the pertinent 15 minute period. It also found that the trooper had "observed the defendant in a reasonable manner" and had not observed defendant place anything in his mouth. We agree with the trial court that absolute certainty is not required by OAR 257-30-020(1)(b) and that the trooper's testimony established a *prima facie* case. In the light of the fact that defendant did not present any evidence that he had regurgitated, vomited or taken anything by mouth while he was in the patrol car and during the eight-block ride to the Harney County Sheriff's office, the trial court correctly denied defendant's motion.[3]

Affirmed.

---

[3] Defendant's other assignment of error does not merit discussion.