Argued and submitted February 14, affirmed November 18, 1992, reconsideration denied January 13, petition for review denied February 23, 1993 (315 Or 443)

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH E. DEMINGS, JR.,
*Appellant.*

## (P132519; CA A70455)

841 P2d 660

William Uhle, Portland, argued the cause for appellant. With him on the brief was Thuemmel & Uhle, Portland.

Janie M. Burcart, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. His several claims of error relate to the denial of his motion to suppress the results of an Intoxilyzer test. We affirm.

After he was arrested, defendant submitted to an Intoxilyzer test. He moved to suppress the test results on the ground that the officer who conducted the test had not followed the pretest requirement of OAR 257-30-020(1)(b), that the officer "make certain" that defendant had not taken anything by mouth, vomited or regurgitated during the 15-minute period before the test is conducted.

At an omnibus hearing, the court ruled that the officer had not made certain that defendant did not regurgitate and suppressed the test results. The state requested a continuance to determine if it would appeal the ruling. It did not pursue an appeal, and the case was set for trial before a different judge.

On the day of trial, the state orally moved for the court to reconsider the ruling suppressing the Intoxilyzer test results on the ground that, in the interim, we had decided *State v. Lessar*, 105 Or App 512, 805 P2d 730, *rev den* 311 Or 482 (1991). That trial judge reset the case in order for defendant to have time to respond to the motion.

The matter was referred to a third judge for trial and to hear the state's motion to reconsider the order of suppression and defendant's motion to strike the state's motion. The court denied defendant's motion to strike, allowed the state's motion for reconsideration and denied suppression of the test results.

Defendant argues in his first assignment of error that the ultimate denial of his motion to suppress was error because the ruling of the first judge established the law of the case. That concept is not a rule of law. *See State v. Osborne*, 82 Or App 229, 728 P2d 551 (1986). However, there is nothing in the law of the case idea that prohibits a trial judge from reconsidering a ruling that the judge made. Also, it does not prohibit one judge, in a multi-judge court, from reconsidering a ruling of a colleague. *State ex rel Harmon v. Blanding*, 292

Or 752, 644 P2d 1082 (1982); *Highway Comm. v. Superbilt Mfg. Co.*, 204 Or 393, 281 P2d 707 (1955).

■ Defendant next argues that the court abused its discretion in denying his motion to strike the state's oral motion to reconsider the earlier ruling. He contends that, under UTCR 4.010, the state had to file its motion in writing not less than 21 days before trial. That rule allows the court to specify a different time if good cause is shown. The state requested reconsideration, because a new appellate case had clarified the law. Defendant was allowed additional time to respond after the state made its motion. Defendant was not prejudiced, other than by the subsequent adverse ruling. The court did not abuse its discretion.

Defendant also contends that a local trial court rule, 5.045, mandated striking the state's motion. Defendant quotes an earlier version of the rule, which prohibited reconsideration by one judge of a ruling made by another judge. The amended rule in effect at the relevant time specifically does not apply to motions to suppress or affect the authority of the "assigned trial judge to review any previously-filed motions."

■ Finally, defendant argues that, if the motion to suppress was properly reconsidered, the court erred in denying it. He argues that, because the officer testified that he was not conscious of the need to look for regurgitation in the sense of defendant's having regurgitated liquid from his stomach, he could not be certain that defendant did not "regurgitate." The officer testified that he was with defendant for 30 minutes and that defendant did not take anything by mouth, vomit or regurgitate. The trial court found that that established a *prima facia* case of compliance. That is all that is required. It was then incumbent on defendant to place facts in the record which, if true, would demonstrate that official duty in administering the test was not regularly done. *State v. Lessar, supra*, 105 Or App at 515. Defendant offered no evidence that he had regurgitated. The ruling denying defendant's motion to suppress was not error.

Affirmed.