Argued and submitted September 2, 2004, reversed and remanded March 30, 2005

In the Matter of
Michael Spencer, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Appellant,*

*v.*

Michael SPENCER,
*Respondent.*

9106-817682; A118483

108 P3d 1189

Christina M. Hutchins, Assistant Attorney General, argued the cause for appellant. With her on the briefs were Mary H. Williams, Solicitor General, and Hardy Myers, Attorney General.

Peter Miller argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

**LINDER, J.**

This is an appeal from a preadjudicatory order of the juvenile court in which the juvenile court ordered that youth's psychotherapy records and his psychotherapist's testimony be excluded from evidence at his delinquency proceeding. ORS 419C.005; ORS 419A.208(1)(c). We reverse.

In September 2001, youth was living in a foster home with the victim, a foster child under the age of 14. The victim told his foster mother that youth had orally sodomized him. When the foster mother confronted youth, he admitted that he had touched the victim's "private area." The foster mother reported the alleged abuse to a law enforcement agency, as she was required to do under ORS 419B.010 and ORS 419B.005(3).[1]

Within that same month, youth began therapy at the Morrison Center. Meanwhile, the state investigated the abuse and, on February 22, 2002, filed a delinquency petition, alleging that youth had committed acts that, if committed by an adult, would have constituted second-degree sodomy, ORS 163.395, and first-degree sexual abuse, ORS 163.427. *See* ORS 419C.005 (conferring juvenile court jurisdiction based on a youth's acts). On February 25, 2002, youth was appointed an attorney who advised the Morrison Center not to discuss the allegations in the petition any further with youth. Youth, however, continued his therapy at the Morrison Center.

The state issued a subpoena to the Morrison Center, requesting all records regarding youth, "including but not limited to drug/alcohol, mental health, urinalysis, and sex offender treatment." When the Morrison Center refused to comply with the subpoena, the state moved for a court order requiring the Morrison Center to release "all treatment records of [youth], including but not limited to sex offender treatment records." In support of its motion, the state relied on ORS 419B.040(1) (set out below), arguing that the statute

---

[1] *See* ORS 419B.010(1) (requiring public or private officials to report child abuse); ORS 419B.005(3)(L) (defining "public or private official" to include a "[c]ertified provider of foster care").

abrogated youth's otherwise privileged communications to his psychotherapist, OEC 504, where the communications pertained to "a child's abuse, or the cause thereof."

The juvenile court denied the motion, concluding that the legislature intended ORS 419B.040(1) to abrogate the psychotherapist-patient privilege only for the child victim in a child abuse proceeding, not for the person who allegedly has committed the abuse. The juvenile court therefore determined that the records that the state sought remained protected by the psychotherapist-patient privilege provided in OEC 504 and entered a written order accordingly. The state, however, was unsure whether the juvenile court's order encompassed a ruling on the admissibility of the testimony of youth's treating psychotherapist and of the psychotherapist's records. The state therefore filed a further motion seeking clarification on the admissibility of that evidence, if the state were to present it. The juvenile court concluded, for the same reasons, that neither the testimony of youth's treating psychotherapist nor youth's treatment records were admissible and entered a second order, approximately three weeks later, to that effect. The state timely appealed that second order.

As a threshold matter, youth argues that the state's appeal is untimely and that we therefore lack jurisdiction over the appeal because the state did not appeal the first order entered by the juvenile court. In particular, youth contends that the juvenile court effectively decided the admissibility of any testimony or records pertaining to his psychotherapy in its first order declining to enforce the subpoena to the Morrison Center, which was dated April 26, 2002. The second order, youth asserts, did nothing more than "clarify" the scope of the court's prior ruling and confirm that the court intended as of the first order to exclude the evidence. According to youth, the state was therefore obligated to file its notice of appeal within 30 days of that first order, and its failure to do so divests this court of jurisdiction. *See* ORS 419A.200(3)(c) (state must file notice of appeal within 30 days of entry of the judgment or order appealed). In response, the state argues that the two orders had different legal effects, and it was entitled to appeal the second order but not the first one.

██ We agree with the state. ORS 419A.208(1) identifies the following orders as ones that the state may appeal in a juvenile proceeding:

"(a) An order made prior to an adjudicatory hearing dismissing or setting aside a delinquency petition;

"(b) An order that sets aside a petition for delinquency if the order is made after an adjudicatory hearing in which the youth is found to be within the jurisdiction of the court;

"(c) An order made prior to an adjudicatory hearing suppressing or limiting evidence or refusing to suppress or limit evidence; or

"(d) An order made prior to an adjudicatory hearing for the return or restoration of things seized."

In its first motion to the juvenile court, the state sought, in effect, to compel the disclosure or production of evidence. The juvenile court's order disposing of that motion expressly characterized it as one "to disclose/release [youth's] psychological treatment records" and denied it. That was not an order that the state could appeal under ORS 419A.208. The state's second motion, however, had a different legal focus. It sought to determine the admissibility of the psychological treatment records and the testimony of youth's psychotherapist, apart from any issues pertaining to how the state might obtain that evidence. Consistently with that different focus, the juvenile court's order described the state's second motion as seeking "a ruling on introduction of the psychotherapist's testimony and records at trial." The juvenile court resolved the motion by ordering that the evidence is inadmissible. That second order, thus, was appealable pursuant to ORS 419A.208 because it effectively suppressed the evidence.[2] Because the state timely filed its appeal within 30 days of the second order's entry, *see* ORS 419A.200(3)(c), we have jurisdiction.[3]

---

[2] A pretrial order ruling that evidence is inadmissible qualifies as an order suppressing evidence. *State v. Hoare*, 20 Or App 439, 444, 532 P2d 240 (1975).

[3] As our discussion reflects, in seeking "clarification" of the first order, the state effectively obtained a second order with a different legal effect from the first one, and the state was entitled by statute to appeal the order because of that legal effect. Even if, however, the court had suppressed the evidence in its first order and the second order "clarified" and reaffirmed the trial court's ruling, that fact would not necessarily preclude the second order from being appealable. No "law of the

We turn, then, to the state's challenge to the juvenile court's suppression order. The parties agree that the testimony of youth's psychotherapist and the treatment records are privileged under OEC 504(2).[4] Thus, ordinarily, those privileged communications would be inadmissible if a youth does not consent to their disclosure. *See* OEC 512 (privileged communications are not admissible if obtained without waiver of the privilege). The issue for our resolution, however, is whether ORS 419B.040(1) abrogates that privilege in this case. ORS 419B.040(1) provides:

> "In the case of abuse of a child, the privileges created in [OEC 504 to 505], including the psychotherapist-patient privilege, the physician-patient privilege, the privileges extended to nurses, to staff members of schools and to registered clinical social workers and the husband-wife privilege, shall not be a ground for excluding evidence regarding a child's abuse, or the cause thereof, in any judicial proceeding resulting from a report made pursuant to ORS 419B.010 to 419B.050 [the mandatory child abuse reporting statutes]."

The parties agree that this juvenile proceeding resulted from a mandatory report made pursuant to the child abuse reporting statutes. They also agree that this case involves the abuse of a child and the cause of that abuse. But they disagree as to whether the statute abrogates the psychotherapist-patient privilege when the person who otherwise would hold the privilege is the person accused of the abuse, rather than the victim of the abuse.

---

case" principle prevents a trial court from reconsidering a pretrial ruling and entering a second order on reconsideration that supersedes the first. *Compare State v. Demings,* 116 Or App 394, 396, 841 P2d 660 (1992), *rev den,* 315 Or 443 (1993) (trial court may reconsider suppression ruling while case is still before it during initial trial), *with State v. Custer,* 146 Or App 487, 494-95, 934 P2d 455 (1997) (when appellate court determines admissibility of evidence, trial court on remand is not entitled to reconsider suppression motion).

[4] OEC 504(2) provides:

"A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition among the patient, the patient's psychotherapist or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family."

■ The statute's text is plain and absolute. By its express terms, it abrogates any privilege for communications between a psychotherapist and a patient that regard "a child's abuse, or the cause thereof[.]" The statute makes no distinction based on the fact that the patient is the person who allegedly perpetrated the abuse, rather than the victim of the abuse. Rather, the privilege is abrogated based on the substance of the communication and the nature of the proceeding in which it is to be used as evidence (*e.g.*, a judicial proceeding arising from a mandatory report of child abuse).

That understanding of ORS 419B.040(1) is confirmed by the Oregon Supreme Court's decision in *State v. Suttles*, 287 Or 15, 597 P2d 786 (1979). In that case, the issue was whether *former* ORS 418.775(1),[5] the immediate predecessor to ORS 419B.040(1), abrogated the husband-wife privilege in a criminal prosecution of the husband for abusing his stepson. The court held that the legislature, in abrogating the privilege "in any judicial proceeding," meant what it said and intended the abrogation to extend to *any* judicial proceeding, including a criminal prosecution, that might result from a mandatory report of child abuse. *Suttles*, 287 Or at 27-31. Consequently, the husband's communications to his wife, which were otherwise privileged, were admissible against him in his criminal trial. *Id.*

■ When, as in *Suttles*, the Supreme Court interprets a statute, its interpretation becomes a part of the statute and can be changed only by the legislature. *See generally Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995). Here, the legislature has amended the statute since *Suttles* was decided, but only by expanding the list of privileges to which it applies and by recodifying it as ORS 419B.040(1).[6]

---

[5] *Repealed by* Or Laws 1993, ch 546, § 141.

[6] In 1981, the legislature simultaneously created the psychotherapist-patient privilege and added that privilege to those that are abrogated by *former* ORS 418.775(1). *See* Or Laws 1981, ch 892, § 33 (creating psychotherapist-patient privilege), § 95 (adding psychotherapist-patient privilege to *former* ORS 418.775(1)). In 1993, the legislature repealed *former* ORS 418.775 and reenacted it, without any change to the substance of its provisions, as ORS 419B.040(1). Or Laws 1993, ch 546, § 21 (reenacting terms of *former* ORS 418.775 as ORS 419B.040(1)), § 141 (repealing *former* ORS 418.775(1)).

The legislature has not in any way altered the operative language that led to the holding in *Suttles*. As a result, the Supreme Court's interpretation in *Suttles* of the scope of ORS 419B.040(1) remains authoritative and binding. Thus, the privileges listed in the statute are abrogated in "any judicial proceeding," including a proceeding brought against the person who would otherwise hold the privilege. That means, in this case, that the psychotherapist-patient privilege is abrogated not just for communications between a victim of child abuse and a psychotherapist but also for communications between an alleged abuser and a psychotherapist.[7]

In arguing to the contrary, youth primarily relies on context. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993) (first level of analysis in interpreting a statute includes text and context). In particular, youth points to ORS 419B.010(1), which exempts psychotherapists from the obligation to report suspected child abuse.[8] Youth relies on the policy underlying that exemption, which presumably is to encourage a person who engages in child abuse to seek therapy without fearing that disclosures during therapy will trigger a mandatory report of child abuse to law enforcement authorities. Youth argues that to interpret ORS 419B.040(1) as abrogating the psychotherapist-patient privilege in a prosecution or other proceeding against the abuser would subvert the policy underlying the

---

[7] *Accord State v. Hansen*, 304 Or 169, 179, 743 P2d 157 (1987) (citing *Suttles* for the proposition that the exceptions to the privileges listed in *former* ORS 418.775(1) "were intended to assist in the proof of child abuse and the cause thereof, both in criminal and other proceedings").

[8] ORS 419B.010(1) provides:

"Any public or private official having reasonable cause to believe that any child with whom the official comes in contact has suffered abuse or that any person with whom the official comes in contact has abused a child shall immediately report or cause a report to be made in the manner required in ORS 419B.015. *Nothing contained in [OEC 503 to 514] shall affect the duty to report imposed by this section, except that a psychiatrist, psychologist, member of the clergy or attorney shall not be required to report such information communicated by a person if the communication is privileged under [OEC 503 to 514].* An attorney is not required to make a report under this section by reason of information communicated to the attorney in the course of representing a client, if disclosure of the information would be detrimental to the client."

(Emphasis added.)

exemption of psychotherapists under ORS 419B.010(1) from the mandatory reporting law.

There are two problems with youth's argument. First, it would require us to read ORS 419B.040(1) differently depending on which privilege is involved. Pursuant to the statute's text, the terms on which the privileges are abrogated are the same whether the privilege is, for example, the husband-wife privilege or the psychotherapist-patient privilege. We are not at liberty to change those terms by reading a limitation into the statute that does not otherwise exist— namely, that the psychotherapist-patient privilege is not abrogated in a judicial proceeding brought against the patient who would otherwise hold the privilege. *See* ORS 174.010 (in construing statutes, courts are not to insert what has been omitted or to omit what has been inserted). For that reason, *Suttles*'s interpretation of the statute is controlling.

■       Second, and in all events, we are not persuaded that the legislative choice to exempt a psychotherapist from reporting a patient's disclosures about engaging in possible child abuse is irreconcilable with the legislative choice to abrogate the privilege for those same communications in a child abuse prosecution. It is one thing to require a psychotherapist, at risk of penalty,[9] to report information that likely will prompt an investigation into child abuse that might otherwise go undiscovered by law enforcement and protective agencies. In that situation, the psychotherapist is put in the position of "blowing the whistle" on his or her own patient. It is a different thing, however, to require that same psychotherapist to reveal relevant disclosures once an independent investigation into the child abuse has led to a criminal or other proceeding against the abuser. In that circumstance, the psychotherapist, rather than initiating an accusation against his or her patient, is enlisted in the "search for the truth" of an already pending judicial proceeding. *See State v. Hansen*, 304 Or 169, 179, 743 P2d 157 (1987) (psychotherapist-patient privilege is abrogated in child abuse cases in order "to assist in a search for the truth," not to prove a particular result). The two policy choices may be imperfect

---

[9] Failure to comply with the mandatory reporting requirement is a Class A violation. ORS 419B.010(3).

and may reflect legislative compromise or even oversight, but they are not logically inconsistent or absurd.

Finally, youth urges that abrogating the psychotherapist-patient privilege is poor policy because of the chilling effect that result will have on a child abuser's willingness to seek needed therapy.[10] Those concerns troubled the juvenile court judge as well in this case:

> "THE COURT: * * * I've read the statute at least 10 times, and I've read the evidence code an equal number of times and I've read the cases. And I continue to be extremely troubled by [the state's motion to release the treatment records].
>
> "I'm troubled because I think that if this is what the legislature intended, then the practical effect of that is that people will not get treatment and/or people will get treatment and not be honest in treatment, at least pretrial. And I think that that's a terrible result if, in fact, that's what the legislature intended.
>
> "* * * * *
>
> "And part of [what troubles me] has to do with if we have a societal interest in treating people who, arguably, are abusing children, then are we undercutting that interest by saying you cannot do that with any guarantee that your conversations are going to be confidential, without any guarantee that—that your treatment is protected and that you can trust your treatment provider."

Concerns about the chilling effect of abrogating the psychotherapist-patient privilege in this case and cases like it are real. But regardless of whether some of the consequences of the statute's breadth were unforseen or, instead, reflect a deliberate compromise, the fact remains that, if some other policy choice is to be made, it is the legislature that must make it. This court cannot.[11]

---

[10] *See, e.g., United States v. Antelope,* 395 F3d 1128 (9th Cir 2005) (convicted sex offender who displayed "promise of rehabilitation" could not be constitutionally required to complete sex offender treatment when part of treatment consisted of disclosing past instances of sexual misconduct to counselor who had a legal duty to report those violations to the proper authorities).

[11] The parties have not, either in the juvenile proceeding below or on appeal, discussed whether ORS 419A.255 potentially applies to this case. Under subsections (2) and (3) of that statute, reports and other material relating to a youth's

We therefore conclude that the juvenile court erred in concluding that ORS 419B.040(1) is limited to privileged communications between a child abuse victim and a psychotherapist. Under that statute, youth cannot rely on the psychotherapist-patient privilege as a ground for excluding his psychotherapist's testimony or the records of his treatment in this case.

Reversed and remanded.

---

"history and prognosis" are privileged and subject to only limited disclosure and limited evidentiary use to establish a youth's criminal or civil liability. The record before us is not adequate to determine if those statutory provisions apply. Because of the limitations of the record and the legal arguments presented to us, we therefore do not consider that question. Our decision, however, does not foreclose the parties and the court from examining on remand the applicability of that or any other pertinent statute (*see, e.g.,* ORS 409.225) that we do not examine in this opinion.