Submitted November 27, 2012, affirmed December 26, 2013, petition for review denied March 27, 2014 (355 Or 142)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JIMMY EVANS, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
09C41096; A143780

317 P3d 290

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals a judgment of conviction on two counts of first-degree sexual abuse, ORS 163.427, and assigns error to the trial court's denial of his motion to introduce testimony by a school psychologist and family therapist about the victim's statements made to the therapists that would show that the victim was fearful around men, defiant around authority figures, prone to exaggeration, and prone to hallucinations. Defendant argues that the trial court's disallowance of that testimony as impeachment evidence was improper because (1) it was admissible as witness credibility evidence under OEC 607, 608(1), and 609-1(1), and (2) it was not subject to the psychotherapist-patient privilege, OEC 504(2), because that privilege was abrogated by ORS 419B.040(1), an exception for proceedings resulting from mandatory child abuse reports. Because we conclude that ORS 419B.040(1) does not provide an exception to the psychotherapist-patient privilege for the testimony regarding the victim's credibility, we decline to address defendant's arguments about the admissibility of the testimony under the credibility evidence rules. Accordingly, we affirm.

We review the admissibility of privileged evidence for errors of law. *State v. Langley,* 314 Or 247, 263, 839 P2d 692 (1992), *adh'd to on recons,* 318 Or 28, 861 P2d 1012 (1993). The following facts are pertinent to our review. The 10-year-old victim lived with her grandmother and her grandfather, defendant. The victim reported to her school counselor that defendant had sexually abused her. That report triggered a mandatory child abuse report that resulted in a criminal investigation, which ultimately led to defendant's conviction on two counts of first-degree sexual abuse.

Before trial, defendant moved to allow testimony based on two reports: one prepared by a therapist, Vercoutere, and the other prepared by a public school psychologist, Young. The reports were prepared about a year before the abuse of which defendant was accused. Vercoutere prepared a mental health assessment report as part of the victim's involvement with social services. The assessment noted that the victim preferred to live with her mother

rather than defendant and the victim's grandmother, that she was fearful around men, particularly defendant, and that she exhibited "defiant behaviors[.]" Young met with the victim to see if she qualified for special education services, and his report mentioned that the victim "might have exaggerated anything that she thought might get some attention." The report also referenced the victim's self-described hallucinations.

Defendant argued that testimony by the therapists about the victim's statements included in the reports was admissible under OEC 607, 608(1), and 609-1(1)[1] as evidence to attack the victim's credibility as a witness. The trial court denied defendant's motion, ruling that the credibility determination belonged to the jury and that the reports were privileged under OEC 504(2), which provides:

"A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition among the patient, the patient's psychotherapist or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family."

Defendant acknowledges that testimony from the therapists about the reports is subject to the psychotherapist-patient privilege, but argues that the child abuse exception for judicial proceedings arising out of mandatory reporting requirements, ORS 419B.040(1), allows for the admission of the therapists' testimony. ORS 419B.040(1) provides:

"In the case of abuse of a child, * * * the psychotherapist-patient privilege * * * shall not be a ground for excluding *evidence regarding a child's abuse, or the cause thereof*, in any judicial proceeding resulting from a report made pursuant to ORS 419B.010 to 419B.050."[2]

---

[1] OEC 607 provides that "[t]he credibility of a witness may be attacked by *any party, including the party calling the witness*." OEC 608(1)(a) provides, that "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but * * * [t]he evidence may refer only to character for truthfulness or untruthfulness[.]" OEC 609-1(1) provides, in part, that "[t]he credibility of a witness may be attacked by evidence that the witness engaged in conduct or made statements showing bias or interest."

[2] ORS 419B.010 to 419B.050 are the statutory provisions that govern the requirements and procedures for mandatory reporting of child abuse.

(Emphasis added.)

The Supreme Court addressed the scope of the ORS 419B.040(1) exception to privilege in *State v. Hansen*, 304 Or 169, 743 P2d 157, *rev den*, 332 Or 559 (1987),[3] and we addressed the exception, in light of *Hansen*, in *State v. Reed*, 173 Or App 185, 21 P3d 137 (2001). In *Hansen*, the Supreme Court held that a victim's statements to a psychotherapist that she had not been abused by the defendant were not protected by the psychotherapist-patient privilege and fell within the scope of ORS 419B.040(1), noting that the legislative history supported the conclusion that the exception reached evidence that the defendant is not guilty, not just evidence of guilt. 304 Or at 179-80. In *Reed*, we decided that the absence of statements by the victim mentioning abuse by the defendant was not admissible under ORS 419B.040(1). 173 Or App at 200. We reasoned that extending the scope of that rule to the absence of statements mentioning abuse would

> "swallow the privilege[] 'whole' (OEC 504(2)) in juvenile sex abuse cases. Psychotherapist records would be subject to disclosure if they included descriptions of abuse or denials of abuse—and they would also be subject to disclosure if they did not. Under defendant's reading of *Hansen*, *nothing* would be privileged. That treatment cannot be squared with *Hansen*'s description of ORS 419B.040(1) as a '*limited* exception to the psychotherapist-patient privilege.'"

*Id.* at 200-01 (quoting *Hansen*, 304 Or at 179) (emphasis in *Reed*). We concluded that *Hansen* was limited to explicit denials of abuse that directly exonerated a defendant, and that statements not mentioning abuse were protected by the privilege. 173 Or App at 200-01. Accordingly, under *Hansen* and *Reed*, ORS 419B.040(1) (which, again, references "evidence regarding a child's abuse, or the cause thereof") is a limited exception to the psychotherapist-patient privilege for both exculpatory and inculpatory statements that reference the abuse of a child in the case being decided.

---

[3] *Hansen* interpreted the exception to the psychotherapist-patient privilege as provided in *former* ORS 418.775, *repealed by* Or Laws 1993, ch 546, § 141, now ORS 419B.040. Or Laws 1993, ch 546, § 21. For simplicity, we refer to the current code section.

Here, the trial court disallowed testimony by the psychotherapists under OEC 504(2), the psychotherapist-patient privilege, stating that ORS 419B.040(1) "provides for limited exceptions to the psychotherapist-patient privilege when it is otherwise relevant to the charged offenses and not subject to some other rule of evidence." Defendant contends on appeal, however, that the breadth of this exception extends to "suspend[ing] all listed privileges in any judicial proceeding resulting from a mandatory report of child abuse."[4] According to defendant, the reference in ORS 419B.040(1) to "evidence regarding a child's abuse, or the cause thereof," does not on its face exclude impeachment evidence, and, therefore, the trial court erred in disallowing the therapists' testimony. Such a construction of the statute, however, is contrary to our conclusion in *Reed*, which interpreted the statute to apply only to statements that directly exonerate or implicate the defendant. 173 Or App at 200.

For judicial proceedings resulting from mandatory reports of child abuse, defendant's characterization of ORS 419B.040(1) as an exception that "suspends all listed privileges" would swallow the psychotherapist-patient privilege whole, a result that we explicitly rejected in *Reed*. 173 Or App at 200. ORS 419B.040(1)'s limited reach does not extend to psychotherapist-patient privileged statements that do not mention a child's abuse, or the cause thereof. The therapists' testimony that defendant sought to use to impeach the victim's credibility does not include references to abuse by defendant and was, therefore, correctly excluded.

Affirmed.

---

[4] Defendant cites *State ex rel Juv. Dept. v. Spencer*, 198 Or App 599, 108 P3d 1189 (2005), for his reading of ORS 419B.040(1). In that decision, we held that the statute applies to privileged communications made by those accused of abuse, not just by victims of abuse. *Spencer*, 198 Or App at 609 ("[T]he juvenile court erred in concluding that ORS 419B.040(1) is limited to privileged communications between a child abuse victim and a psychotherapist."). We nevertheless recognized that ORS 419B.040(1) applies to abrogate the privilege only as to communications between a psychotherapist and a patient that regard "a child's abuse, or the cause thereof." *Id.* at 605.