## GRAY v. COMMONWEALTH.

Court of Appeals of Kentucky.

Jan. 22, 1954.

J. B. Campbell, Carlos B. Pope, Barbourville, C. K. Calvert, Pineville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., James A. Inman, Com. Atty., Whitley City, for appellee.

WADDILL, Commissioner.

Upon an indictment charging her with the murder of Andrew Taylor, the appellant, Mrs. Mary Gray, was convicted of voluntary manslaughter and sentenced to 21 years in prison. We find that the judgment must be reversed because the court erred in refusing to grant her a continuance.

The tragedy occurred on the morning of October 23, 1952, at appellant's home on the Middle Fork of Stinking Creek in Knox County. According to the appellant, she shot and killed her uncle, Andrew Taylor, while he was making an assault upon her and her small children. She was indicted on November 6, 1952, and upon arraign-

ment pleaded not guilty and her trial was set for November 28, 1952. At that time the court directed that appellant be taken to the Pineville Hospital for treatment as she was ill.

The case was not tried on the day set, but was continued, on motion of the Commonwealth's Attorney, to the February, 1953, Term of Court. On February 19, 1953, appellant filed motion for continuance to the June, 1953, Term and in support thereof filed her affidavit and that of Dr. C. B. Stacy. It appears from these affidavits that appellant was seriously ill and a patient in the Pineville Hospital where she was receiving treatment in preparation for a major operation for a condition brought about by multiple childbirth. We observe from the record that appellant was 49 years of age, weighed approximately 85 pounds, and had given birth to 12 children.

Dr. Stacy's affidavit recited that for appellant to be put upon trial at the February term of court would endanger her life. The trial of the case was continued to March 3, 1953.

When the case was called for trial on March 3, 1953, the appellant did not appear. The record shows the court then announced that it was reliably informed that just before the case was assigned for trial at the former term of court, the appellant placed herself in the Pineville Hospital and remained there until after her case was continued and then went home the next day and since that time "had been up, out and around on the streets of Barbourville and in the Circuit Court Clerk's Office within a week before the day her trial was first assigned at the March Term" and that just before the day of the trial she placed herself back in the Pineville Hospital. The judge then declared that he was convinced that the court was being imposed upon and that the evidence for continuance was insufficient to show that appellant was unable to appear for trial. The court then directed the Sheriff of Knox County "to immediately proceed to Pineville with a comfortable closed automobile and to produce the ap-

pellant in open court at Barbourville at one o'clock on that day." The appellant was granted the right to have a physician accompany her into court. The sheriff executed the court's order and removed appellant from the hospital and delivered her to the court.

We are informed by appellant's affidavit, which was not controverted, that when she was brought before the court the judge admonished her in open court as follows:

"I am going to try your case tomorrow, do you understand that? I am getting tired of having you get into the hospital every time your case is called for trial. And I am getting tired of you shaking your fist in the court's face and having people tell me that Sam Gray is running this court in getting your case put off with these stalling tactics. It's not going to work and you are going to be tried in this court tomorrow morning whether or not. Now would you rather spend the night in jail or would you rather go to the hospital?"

The next morning appellant was placed on trial and convicted.

■ Ordinarily the question of whether or not a defendant in a criminal action is entitled to a continuance of his case is a matter within the sound discretion of the trial court. Criminal Code of Practice, §§ 188 and 189; Day v. Commonwealth, 296 Ky. 483, 177 S.W.2d 391; Toler v. Commonwealth, 295 Ky. 105, 173 S.W.2d 822. However, in this case there was no evidence presented that appellant was physically able to stand trial. The only witnesses that gave evidence concerning appellant's physical condition were appellant and Dr. Stacy and they stated positively that appellant was too ill to stand trial. Their evidence is supported by the Pineville Hospital records which are before us.

■ While it may be that the trial judge had information from an undisclosed source that appellant was feigning illness, such information does not constitute evi-

dence, nor would the judge be authorized to act upon such information as constituting a fact within his judicial knowledge. "It matters not what is known to the judge if it is not known to him judicially," is a maxim of the doctrine of judicial notice. Riley v. Wallace, 188 Ky. 471, 222 S.W. 1085, 11 A.L.R. 337. We have also held that the court must act upon evidence heard in open court and cannot make a private investigation of a matter pending before the court and then base his decision upon information obtained thereby. Stephenson v. Burton, Ky., 246 S.W.2d 999. To hold otherwise would destroy the very purpose for which our courts are established.

We have carefully read the entire record in this case and are of the opinion that the evidence conclusively shows that appellant was too sick to be forced to be present at the trial and was so ill during the trial that she could not properly assist her counsel in the management of her defense.

The judgment is reversed, with directions to grant appellant a new trial.