**Marie Dorn RAYBORN, Appellant,**

v.

**Clarence J. RAYBORN, Sr., Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1959.

James C. Ware, Covington, for appellant.

James J. Gilliece, Jr., Covington, for appellee.

CLAY, Commissioner.

The Chancellor granted the appellee husband a divorce and adjudged, by way of restoration, that the appellant wife pay him the sum of $18,500, which constituted one-half of the net appraised value of real property held in her name.

The husband, appellee, has failed to file a brief in support of the judgment. Under RCA 1.260 we will accept the wife's statements of facts and issues as correct, and are reversing the judgment since her brief reasonably appears to sustain such action.

The parties were married in 1924, and had one son who is now grown. The husband worked as a fireman and engineer with the Southern Railway Company. Practically all of their married life both parties worked and contributed to the family living expenses. The wife apparently handled all the business transactions for the family, and the husband turned over his pay check to her.

In 1950 the wife became a licensed real estate dealer, organized a business, and engaged actively in that business until their separation in 1957. It proved very profitable.

The Chancellor apparently took the view that the parties in 1950 entered into some sort of partnership for the conduct of the real estate business. He appointed apprais-

ers to fix the value of the various properties to which the wife held deeds. He then found their net value and adjudged that the wife pay the husband the value of one-half.

KRS 403.060(2) requires the restoration after a divorce of property obtained *from or through* the other spouse before or during the marriage and in consideration of the marriage. The party claiming an interest in the other's property must consequently show his interest in it. The record does not sustain the finding of the Chancellor that the parties jointly engaged in the real estate business. It was conducted entirely by the wife, and her husband, not being licensed, was not authorized to engage in it. Possibly some of the husband's earnings may have found their way into this business, and if he had shown the amount thereof, it would have been proper to make restoration to him. However, the wife testified that his earnings were used for living expenses.

We know of no legal principle in this state which gives one spouse a half interest in the property or business of the other. This real estate business was an enterprise of the wife, and she was entitled to the profits and the acquired property unless the husband could show they came to her from or through him. The record does not disclose such fact. This case is quite similar to Pelton v. Pelton, 237 Ky. 110, 34 S.W.2d 970, wherein it was held that the wife could conduct an independent business, and the fact that the husband turned over his earnings to her did not necessarily mean that this vested him with a share in the business property.

Apparently the home at 46 Highway Avenue stands on a different footing, and the husband may well be entitled to a substantial interest therein.

The Chancellor appointed appraisers to fix the value of the wife's property, and his judgment is based on this valuation.

These appraisers did not testify, and their appraisal cannot be considered evidence in the case. A judgment based thereon is not proper. Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666; Gray v. Commonwealth, Ky., 264 S.W.2d 69.

We appreciate the inclination of the Chancellor to return to a passive husband some of the accumulations of a dominating wife who seems to have taken complete charge of the family's financial affairs. However, we have before us a question of legal rights, and restoration may only be granted as authorized by statute.

The judgment is reversed, with directions to reconsider restoration of the appellee's interest in the home, and for a judgment consistent with this opinion.