**Gene DAMRON, Appellant,**

v.

**Loretta DAMRON, Appellee.**

Court of Appeals of Kentucky.

June 2, 1967.

Jean L. Auxier, Pikeville, for appellant.

Francis M. Burke, Pikeville, for appellee.

CLAY, Commissioner.

The Chancellor granted the appellee wife a divorce, restored to her certain real estate, and awarded her $5,000 alimony, payable at the rate of $100 a month. The husband appeals, contending the court could not properly restore the real estate to the wife and award her substantial lump sum alimony.

The property involved is the home place. The land was deeded jointly to the husband and wife by the wife's father. The parties borrowed $6,500 from the bank for the purchase of materials and the husband, being a carpenter, did most of the work in the building of the house. The wife's father did all the wiring and plumbing.

Clearly the husband's one-half interest in the land was obtained through the wife by reason of the marriage. KRS 403.060(2). The husband invested no money in the property but he did contribute something of value in the construction of the house. However, he failed to establish the monetary value of such services. Assuming the property could have been divided for restoration purposes (which is most doubtful), appellant did not show the extent of his interest in it, which is required. Rayborn v. Rayborn, Ky., 329 S.W.2d 576. In the case of Patterson v. Patterson, Ky., 323 S.W.2d 862, even though the wife established that she had invested $1,200 of her own money in improvements on her husband's real estate, we held it proper to restore the land with improvements to the husband.

In any event, we have a situation where it would have been practically impossible to separate the interests of the husband and wife in this land as improved. Ordinarily improvements go with the land. It is not shown that the husband paid anything on the mortgage loan and it is substantially now all outstanding as a charge against the property. The Chancellor required the wife to assume this indebtedness, and by reason thereof she will eventually have a substantial monetary investment in this property. In so decreeing the Chancellor relieved the husband of his obligation to pay this debt. Under all these circumstances the order of restoration was proper.

Appellant contends that since the wife was given the property, he has no estate and the court could not award lump sum alimony. We believe appellant misconstrues the nature of this award. He

838

assumes it is an allowance out of an estate, which it is not. It is simply a monthly alimony award with a limitation on the ultimate amount to be paid. This form of allowance was approved in Jones v. Jones, Ky., 382 S.W.2d 842. There is no contention that appellant is financially unable to meet the $100 monthly payments. He is regularly employed and earns not less than $500 a month. We find no abuse of discretion in this allowance.

The judgment is affirmed.

All concur.