## 72889. SMITH v. THE STATE.
(349 SE2d 754)

BEASLEY, Judge.

Defendant appeals his conviction of "D.U.I.," that is, alcohol-influenced driving, in violation of OCGA § 40-6-391.[1]

1. Defendant's troubles began at a fast-food restaurant when he backed into a vehicle being driven by an off-duty policeman. After defendant drove off and the policeman saw there was no damage, he drove up to the window for his order and the waitress said that defendant was "drunk." In consequence, the victim had her call the police. When the captain came, the victim informed him of what had occurred. Defendant's car was subsequently stopped after it was observed to be weaving and he was arrested after the odor of alcohol was detected on his breath.

During the trial the waitress, with whom defendant was acquainted, did not testify but the policeman related her spontaneous statement in describing what transpired after defendant left. Over objection that such statement was hearsay, the trial court allowed it (technically, declined to strike it) and instructed the jury to consider it solely as an explanation of the conduct of the witness and officers and not to consider it to be a true statement. See OCGA § 24-3-2.

What the waitress said was not relevant to the issues at trial because the conduct of the witness and the officer were not in question, and the testimony should have been limited to describing what was done as a result of her remark, and not why it was done. *Arnold v. State*, 236 Ga. 534, 537 (5) (224 SE2d 386) (1976). The conduct and motives of the police in inaugurating or continuing a legal investigation are not normally "matters concerning which the truth must be found" and thus within the purview of OCGA § 24-3-2. *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). Nevertheless, the ultimate question is whether the admission of the testimony was harmful under the standards of *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

The evidence clearly established that the defendant was guilty of violating OCGA § 40-6-391 (a) (1) and/or (4). The hearsay testimony by the officer, which was not given for its substantive truth, was merely cumulative as to intoxication if it was erroneously considered for its truth, but it is highly probable that its admission did not con-

---

[1] Despite the author's disagreement, see *Hogan v. State*, 178 Ga. App. 534 (343 SE2d 770) (1986), this court held in that case that under its interpretation of *Lester v. State*, 253 Ga. 235, 238 (320 SE2d 142) (1984), OCGA § 40-6-39 establishes one crime which may be proved by two different methods: 1) under subsections (a) 1, 2 or 3 by being "under the influence . . . to a degree which renders [one] incapable of driving safely" or 2) under subsection (a) (4) by having at least 0.12 percent blood alcohol count. In the instant case, the court charged the jury on both subsections (a) (1) and (a) (4).

tribute to the verdict. *Teague,* supra at 537. No harm is shown because there was other admissible evidence of intoxication. *Ivester v. State,* 252 Ga. 333, 334 (2) (313 SE2d 674) (1984). See also *Simmons v. State,* 174 Ga. App. 906, 907 (2) (331 SE2d 923) (1985). The reason we so conclude is that the evidence of alcohol influence which was focused on in this case and was at the core of the real contest between the state and defendant was the breathalizer test. The waitress' comment was nothing more than incidental.

Appellant also complains that he was prevented from testifying as to the content of his own conversation with the waitress. This occurred during cross-examination of appellant when the state asked if, following the incident, he talked to the waitress about it. Instead of a "yes" or "no" answer, defendant began to state what the waitress said. He was interrupted by his counsel who sought to overcome an anticipated hearsay objection by arguing that the solicitor had "opened the door." The solicitor emphasized that the question was simply whether defendant had talked to the waitress, not what she had said. The witness volunteered that "she told me herself though," and the court explained that he could not testify to what she said. The solicitor then abandoned the immediate subject and went on to other questions. Defendant was not asked then nor on redirect examination to relate the after-the-fact conversation with the waitress. Thus there is no merit to the claim. Whether such testimony would have been admissible is another question entirely, and there is no need to address it. The answer is that there was no obstruction to his so testifying; he simply was not asked to relate the conversation.

2. The defendant attempted to show the results of the breathalizer test were suspect because he wore dentures. The state countered this with testimony by an expert witness that the twenty-minute wait before the test was administered was sufficient to eliminate any inaccuracy caused by a dental plate. The expert also testified as to a test conducted on a police officer who wore a partial dental plate and swished bourbon in his mouth before taking the test. Although the initial reading was high, a reading after 18 minutes showed no alcohol.

Defendant contends that because he had a full instead of a partial plate and had sipped a beer and eaten chicken and biscuit before the test, the experiment was so dissimilar as to render it misleading and thus inadmissible.

Both sides agree that a determination as to whether an experiment is conducted under sufficiently similar conditions is within the sound discretion of the trial court. As observed in *Miller v. State,* 53 Ga. App. 275, 276 (1) (185 SE 372) (1936): "there should be substantial and reasonable similarity in the facts proved in the case and the facts upon which the experiment is based. The facts need not be ex-

actly or in every particular similar; if they are sufficiently similar to accomplish the purpose of assisting the jury to intelligently consider the issue of fact presented in regard to the special point in controversy, the evidence is admissible."

Considering the point at issue, which was whether the presence of the plate-trapped food bearing alcohol would render an inaccurately high test result even after twenty minutes, the crucial components of the experiment here met that criteria for admissibility. Whether the dissimilarities successfully impeached the results then properly became a jury question.

*Judgment affirmed. Dean, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1986 —
REHEARING DENIED OCTOBER 21, 1986.

*Daniel J. Parker*, for appellant.
*Thomas L. Hodges III, Solicitor*, for appellee.