THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT P. WITT, Defendant-Appellee.

Second District    No. 2—92—0803

Opinion filed February 25, 1994.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:
The State appeals the pretrial decision of the circuit court of Du Page County suppressing the results of breath tests in the prosecution of defendant, Robert Witt. For the following reasons, we reverse.

Defendant was charged with driving under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 95$^{1}$/$_{2}$, par. 11—501(a)(2)(now 625 ILCS 5/11—501(a)(2) (West 1992))), driving with a blood-alcohol level greater than 0.10 (Ill. Rev. Stat. 1989, ch. 95$^{1}$/$_{2}$, par. 11—501(a)(1) (now 625 ILCS 5/11—501(a)(1) (West 1992))), driving on the shoulder (Ill. Rev. Stat. 1989, ch. 95$^{1}$/$_{2}$, par. 11—709.1 (now 625 ILCS 5/11—709.1 (West 1992))), and improper lane usage (Ill. Rev. Stat. 1989, ch. 95$^{1}$/$_{2}$, par. 11—709 (now 625 ILCS 5/11—709 (West 1992))). Count two alleged a blood-alcohol level of 0.15. Defendant was notified of the statutory suspension of his license pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95$^{1}$/$_{2}$, par. 11—501.1 (now 625 ILCS 5/11—501.1 (West 1992))), and he petitioned for a hearing.

Testimony at the hearing indicated that Officer John Lesner of the Village of Itasca brought defendant to the police station and read him the "rights to motorist" at 1:36 a.m. Officer Lesner administered a breath test to defendant at approximately 2 a.m., after observing him for the requisite 20 minutes. Defendant's blood-alcohol level registered at 0.15. Officer Lesner then learned that defendant wears false teeth and administered a second breath test. This time defendant's blood-alcohol level registered at 0.14. The trial court granted defendant's motion to rescind the summary suspension on the ground that Officer Lesner did not wait an additional 20 minutes before administering the second test.

Defendant moved *in limine* to suppress the test results. Following argument, the trial court held both "blows" inadmissible, the first because defendant's false teeth were in his mouth, and the second

because Officer Lesner did not wait an additional 20 minutes before administering it. The trial court allowed the State to file a certificate of impairment pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)), and this appeal followed.

We note initially that defendant has failed to file an appellee's brief. The issue, however, is simple, and we therefore choose to address the merits of the appeal without the benefit of a brief from defendant. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

■ A reviewing court will not disturb a trial court's ruling on a motion to suppress unless the ruling is manifestly erroneous. (*People v. Galvin* (1989), 127 Ill. 2d 153, 162-63.) On a motion to suppress evidence, the function of the trial court is to determine the credibility of witnesses and the weight to be accorded to testimony, and the inferences to be drawn. (*Galvin*, 127 Ill. 2d at 163.) In order to present results of breath tests for alcohol, the State's foundation must include:

> "(1) evidence that the tests were performed according to the uniform standard adopted by the Illinois Department of Public Health, (2) evidence that the operator administering the tests was certified by the Department of Public Health, (3) evidence that the model used was a machine approved by the Department of Health, was tested regularly for accuracy, and was working properly, (4) *evidence that the motorist was observed for the requisite 20 minutes prior to the test and, during this period, the motorist did not smoke, regurgitate, or drink,* and (5) evidence that the results appearing on the 'printout' sheet can be identified as the tests given to the motorist." (Emphasis added.) *People v. Orth* (1988), 124 Ill. 2d 326, 340.

*People v. Thomas* (1990), 200 Ill. App. 3d 268, 281.

The trial court found that requirement four was not met for either test, in that defendant's false teeth constituted foreign matter in his mouth during the first test, and Officer Lenser did not wait 20 minutes after the first test before administering the second test.

■ The Department of Public Health standards require:

> "a) Continuous observation of the subject for at least twenty (20) minutes prior to collection of the breath specimen, during which time the subject must not have ingested alcohol, food, drink, regurgitated, vomited or smoked." (77 Ill. Adm. Code § 510.60, at 3668 (1991).)

This standard makes no reference to false teeth, nor does it call for an additional 20-minute observation period. "[T]he important considerations are whether the defendant had ingested any food or drink, smoked cigarettes, put other substance in his mouth, or done

anything which would have tainted the test result." (*People v. Elliott* (1986), 143 Ill. App. 3d 72, 80.) We find no authority to support the trial court's conclusions that false teeth constitute foreign matter or that false teeth affect breath tests.

■ Nor have we found any authority to support the assertion that a separate 20-minute observation period is required prior to each of two or more consecutive tests. The standard requires the officer to observe the motorist for 20 minutes prior to the test. The standard also requires that the motorist must not ingest alcohol, smoke, eat or drink during these 20 minutes. Breathing into a tube does not constitute eating, drinking, regurgitating, or smoking; nor does the wearing or removing of false teeth.

Because the premises for the suppression of the results of these tests are unfounded, we find the trial court's decision to be manifestly erroneous. We therefore reverse the order of the trial court suppressing the results of the two breath tests and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

McLAREN and GEIGER, JJ., concur.