**Winston FARR, Plaintiff/Respondent,**

v.

**DIRECTOR OF REVENUE STATE OF MISSOURI, Defendant/Appellant.**

No. 20113–1.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 8, 1996.

Scott B. Stinson, Mountain Grove, for respondent.

BARNEY, Judge.

The Director of Revenue (Director) appeals from a judgment reinstating the driving privileges of Respondent, Winston A. Farr, entered by the Circuit Court of Wright County after a trial de novo.

Pursuant to the procedures set forth in § 302.500 et seq.,[1] the Director suspended respondent's driving privileges for operating a motor vehicle with a blood alcohol content in excess of ten hundredths of one percent. Respondent requested a trial de novo as permitted by § 302.535 and the circuit court reversed order of suspension, for failure on the part of the arresting authorities to comply with the procedures set out by the Department of Health, 19 C.S.R. 20–30.011 to 20–30.060, in administering the breathalyzer test to Mr. Farr. In particular, the trial court held that "the failure to require [respondent] to remove his partial plate during the required 15 minute observation period constituted a departure from the mandatory procedures set forth in the regulations, rendering the results of the breathalyzer examination inadmissible."[2]

Director raises two issues on appeal. Both involve the question of whether or not the Department of Health Regulations prohibiting "oral intake" during a required 15 minute observation period prior to the test made the breathalyzer test results inadmissible because of respondent's use of dentures at the time of the test.

■ The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), *Hatfield v. Director of Revenue*, 907 S.W.2d 207, 208 (Mo.App.1995).

Jeremiah W. (Jay) Nixon, Attorney General and Rodney P. Massman, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

1. Statutory references are to RSMo 1994.

2. Form # 1 of those regulations mandates that the subject be "observed for 15 minutes" and there be "no smoking or oral intake of any material during this time; if vomiting occurs, start over with the 15 minute observation period."

■ The foundational requirements for the admission of breathalyzer test results are: "1) the test was performed by following the techniques and methods approved by the Department of Health; 2) the machine operator held a valid permit; and 3) the equipment and devises [sic] used to administer the test were approved by the Department of Health." *Barish v. Director of Revenue*, 872 S.W.2d 167, 174 (Mo.App.1994).

■ In the instant case the evidence revealed that Mr. Farr, a denture wearer, was stopped by a state trooper after his vehicle was observed crossing the center line. After he failed several field sobriety tests, he was arrested for driving while intoxicated and was given a breathalyzer test.

The arresting officer testified that, in compliance with the Department of Health regulations, and in particular, Form #1 thereof, Mr. Farr did not put anything into his mouth, did not smoke or vomit and did not take anything out of his mouth for 15 minutes prior to the administration of the breathalyzer test. The dentures Mr. Farr was wearing, however, were not removed.

Respondent argues that dentures or false teeth constitute excludable material to the same extent as gum, chewing tobacco, toothpicks, cigar butts or any other substance not a part of the human anatomy, and should likewise have been removed from respondent's mouth at the time of testing. The regulations in question do not define "oral intake."

Although the regulations make no reference to dentures as excludable "oral intake," they seek to keep out smoke and such "oral intake" which would tend to taint a test result or would prevent the mechanical operation of the breathalyzer machine. *See People v. Witt*, 258 Ill.App.3d 124, 196 Ill.Dec. 459, 461, 630 N.E.2d 156, 158 (1994).

We are not directed to any Missouri decisions concerning whether dentures are foreign materials that must be removed prior to the breathalyzer test and our research has revealed none. Other jurisdictions, however, have addressed the issue. In *People v. Witt*, 196 Ill.Dec. at 461, 630 N.E.2d at 158 the court found no authority to support a lower

trial court's conclusions that false teeth constituted foreign matter affecting alcohol breath tests and thus the fact that a motorist was wearing false teeth did not impugn the accuracy of breath tests. In *Smith v. State*, 180 Ga.App. 620, 349 S.E.2d 754 (1986) the court approved an experiment which demonstrated that dentures have no material affect on a breathalyzer reading.

In the case at bar the director of the breath alcohol program for the Missouri Department of Health, a former public health laboratory scientist for the breath alcohol program, testified that the purpose of the 15 minute observation period was to "ensure that there [is] no mouth alcohol present that might affect the reading of the test." He also testified that after the 15 minute waiting period, the fact that dentures were in the mouth would not affect the subsequent breath test results. There was no evidence to the contrary.

We hold that the trial court erroneously applied the law in excluding the breathalyzer test results in the instant case. The judgment is reversed and the cause is remanded to the trial court with instructions to enter an order sustaining the order of the Director of Revenue suspending the driving privileges of Winston A. Farr.

MONTGOMERY, P.J., and GARRISON, J., concur.