RAMIREZ, J.
Nancy Schofield petitions this court for a writ of certiorari to review a circuit court order finding that Schofield’s breathalyzer test results were admissible at trial. We deny the petition because the circuit court did not depart from the essential requirements of law.
Appellee State of Florida charged Scho-field with driving under the influence of alcoholic beverages, in violation of section 316.193, Florida Statutes (2000). She later contested the reliability of the breath test results obtained during her arrest and moved to strike the breath test result affi *447 davit. She argued that the breath tests did not comply with the applicable administrative rules because the arresting officer failed to ask her whether she had a dental plate and to request that she remove any such device. The county court suppressed the breath test results and found that the results did not have sufficient reliability to be accepted as evidence at trial. The circuit court, sitting in its appellate capacity, reversed the county court order.
Because Schofield does not allege any procedural due process rights violation, we limit our review to whether the circuit court departed from the essential requirements of law when it reversed the county court’s order that suppressed Schofield’s breathalyzer test results and conclude that the circuit court did not depart from the essential requirements of the law. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)(standard of review is whether the court afforded procedural due process and whether the circuit court applied the correct law, which is synonymous with observing the essential requirements of the law).
Two lay witnesses and three expert witnesses testified before the county court. Deputy Donald R. McAUaster of the Monroe County Sheriffs Department, the arresting officer, testified that he first obtained a breath sample from Schofield after the expiration of the twenty minutes observation period that Florida Administrative Code Rule llD-8.007(3) requires, and the sample produced a breath test card that stated “Invalid Sample — Mouth Alcohol.” He then asked Schofield to rinse her mouth with water and conducted two additional breath tests which resulted .114 and .111, respectively.
Florida Department of Law Enforcement Inspector Officer Lawrence Sanger and chemist Laura Barfield testified. Sanger testified that alcohol can be trapped in dentures and false teeth, but he did not know how the invalid reading resulted in this case and what effect water in the mouth would have on the result. He believed the mouth alcohol reading was unreliable, but that the breath tests were reliable. Barfield testified that the tests performed were valid because there were two samples taken within fifteen minutes of each other and produced readings within .02 of each other.
Rick Swope, Schofield’s expert and a police officer with the Broward County Sheriffs Office, testified that the invalid mouth alcohol reading was due to the presence of alcohol in the mouth and that the dentures probably caused the alcohol presence. He stated that the studies he read and personally conducted indicated that alcohol can remain in the mouth in excess of the twenty minutes observation period that Florida regulations require. He opined that the failure to remove the dental appliances and then rinse the mouth with water rendered the subsequent test results unreliable.
We cannot agree with Schofield that the circuit court departed from the essential requirements of law in this case and that this results in a miscarriage of justice. We first turn to the affidavit received into evidence.[1] Section 316.1934(5), *448 Florida Statutes (2000), provides that an affidavit is “admissible without further authentication.” The affidavit further constitutes “presumptive proof of the results of an authorized test.” Id. If the affidavit indicates that the breath alcohol test level is 0.08 or higher, the “presumptive proof of the results” gives rise to the rebuttable presumption of impairment as set forth in section 316.1934(2). Statutes must be given their plain and ordinary meaning when their language is clear and unambiguous. See Metropolitan Dade County v. Milton, 707 So.2d 913, 915 (Fla. 3d DCA 1998). When employed in a statute, words of common usage should be interpreted in a plain and ordinary sense. Id.
First, the affidavit is proper both in form and content. Schofield does not contest that the affidavit contains all of the requisite information required in section 316.1934, Florida Statutes.
Second, the officer who performed the alcohol tests on Schofield was qualified to do so. The Florida Department of Law Enforcement had certified him to conduct the tests he performed and allowed him to use the precise equipment he used to administer the tests.
Third, the officer that performed the alcohol tests on Schofield complied with the governing statutory law and administrative rules in his administration of the alcohol tests. Florida law does not require the removal of dental devices nor does the law impose an obligation on the officer to inquire about the use of dentures prior to or during the administration of alcohol tests.
Although the officer did not know that Schofield had an orthodontic plate in her mouth, Schofield’s use of the device during the administration of the breath test does not necessarily render the test results invalid. The prevailing view from numerous jurisdictions that have addressed the effect of dental devices on the results of breath alcohol tests admit the test results as evidence despite the presence of dentures during the administration of the tests provided that the tests were conducted, as here, according to the governing statute and administrative rules. See People v. Witt, 258 Ill.App.3d 124, 196 IlLDec. 459, 630 N.E.2d 156, 158 (1994)(re-versing the trial court that suppressed the alcohol breath test where proper test procedures were followed); Farr v. Director of Revenue State of Mo., 914 S.W.2d 38 (Mo.App.l996)(reversing trial court order that excluded breathalyzer test results because of the presence of dentures when proper test procedures were followed). Nonetheless, evidence of the use of dentures during a breath alcohol test go to the weight accorded the test result, not the admissibility of the test result, the latter of which lies fully within the discretion of the *449 court. See State v. Allen, 74 Or.App. 275, 702 P.2d 1118 (1985).
Petition denied.

. Section 316.1934(5), Florida Statutes (2000), allows the admission of breath test results by affidavit. It states in pertinent part:
(5) An affidavit containing the results of any test of a person’s blood or breath to determine its alcohol content, as authorized by s. 316.1932 or s. 316.1933, is admissible in evidence under the exception to the hearsay rule in s. 90.803(8) for public records and reports. Such affidavit is admissible without further authentication and is presumptive proof of the results of an author *448 ized test to determine alcohol content of the blood or breath if the affidavit discloses:
(a) The type of test administered and the procedures followed;
(b) The time of the collection of the blood or breath sample analyzed;
(c) The numerical results of the test indicating the alcohol content of the blood or breath;
(d) The type and status of any permit issued by the Department of Law Enforcement which was held by the person who performed the test; and
(e)If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.
The Department of Law Enforcement shall provide a form for the affidavit. Admissibility of the affidavit does not abrogate the right of the person tested to subpoena the person who administered the test for examination as an adverse witness at a civil or criminal trial or other proceeding.