COMMONWEALTH of Kentucky, Appellant,

v.

Bertrand HOWLETT, Appellee.

No. 2010–SC–000128–CL.

Supreme Court of Kentucky.

Dec. 16, 2010.

Michael J. O'Connell, Jefferson County Attorney, Benjamin Francis Wyman, III, Assistant Jefferson County Attorney, Louisville, KY, Counsel for Appellant.

Paul S. Gold, Michael Romano Mazzoli, Cox & Mazzoli, PLLC, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

The Commonwealth, pursuant to Section 115 of the Constitution of Kentucky and CR 76.37(10), petitions this Court for certification of the law regarding the limitations of judicial notice. Specifically, the Commonwealth seeks certification of the law on the following question:

In light of KRE 201's pre-Rules case law and its current Federal equivalent, what if any special prohibitions exist in a bench trial against the use of a judge's taking judicial notice of a fact that comes from the judge's personal knowledge given KRE 201's silence on the matter ?

The relevant facts are as follows. On November 26, 2006, Bertrand Howlett was stopped by Sgt. Steve Williams of the St. Matthews Police Department for speeding. Upon approaching the vehicle, Sgt. Williams noticed that Howlett's eyes were bloodshot and that his breath smelled of alcohol. Sgt. Williams administered three field sobriety tests, each of which Howlett failed. Howlett was subsequently arrested and a breath test administered, where he blew a .150. Howlett was charged with speeding, reckless driving, and DUI.

During a two-day bench trial, testimony was offered regarding the necessity of a twenty-minute observation period prior to the administration of the breath test. Howlett testified that he burped during the observation period. When the court convened the following day, Judge Donald Armstrong of the Jefferson District Court, *sua sponte*, noted the following: "I take judicial notice of the fact that a burp during the operation or observation time needs to start the observation time all over again ... by the manufacturer of the machine, Smith and Wesson. Therefore, I'm going to find him not guilty of that." Judge Armstrong's concerns over How-

lett's burping during the observation period were seemingly based on his prior experience as a DUI prosecutor and his knowledge of the operating instructions for the breathalyzer machine.

Prior to the enactment of KRE 201, our case law on this issue was unambiguous:

While it may be that the trial judge had information from an undisclosed source that appellant was feigning illness, such information does not constitute evidence, nor would the judge be authorized to act upon such information as constituting a fact within his judicial knowledge. 'It matters not what is known to the judge if it is not known to him judicially,' is a maxim of the doctrine of judicial notice. We have also held that the court must act upon evidence heard in open court and cannot make a private investigation of a matter pending before the court and then base his decision upon information obtained thereby. To hold otherwise would destroy the very purpose for which our courts are established.

*Gray v. Commonwealth,* 264 S.W.2d 69, 70–71 (Ky.1954) (internal citations omitted).

The Commonwealth notes that this Court has not specifically addressed this issue since the adoption of KRE 201 and, therefore, requests a certification of the law for guidance to the bench and bar.

Kentucky Rule of Evidence 201 provides:

(a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either:

(1) Generally known within the county from which the jurors are drawn, or, in a nonjury matter, the county in which the venue of the action is fixed; or

(2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) When discretionary. A court may take judicial notice, whether requested or not.

(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.

(g) Instructing the jury. The court shall instruct the jury to accept as conclusive any fact judicially noticed.

As can be seen, KRE 201 is silent on the subject of judicial notice of a fact peculiarly known to the judge. However, we see no reason to depart from our previous case law on the subject. It is axiomatic that judicial notice is different from judicial knowledge. *Shapleigh v. Mier*, 299 U.S. 468, 475, 57 S.Ct. 261, 81 L.Ed. 355 (1937). *See also* R.T.K., *Comment Note.—Distinction between judicial notice and judicial knowledge*, 113 ALR 258 (1938). In his treatise on Kentucky Evidence, Professor Robert G. Lawson noted that "[the] drafters [of KRE 201] expressed a clear intent to have the provision construed to be in accord with the pre-Rules case law: 'Judicial notice of a fact peculiarly known to the judge is inappropriate.'" Robert G. Lawson, *The Kentucky Evidence Law Handbook*, § 1.00[3][c], at 12 (4th ed.2003) (quoting *Evidence Rules Study Committee, Kentucky Rules of Evidence—Final Draft,* p. 16 (Nov.1989)). This position is widely accepted among federal courts in cases involving KRE 201's federal counterpart as well.' *Id.* at 13. "While a resident judge's background knowledge of an area may 'inform the judge's assessment of the historical facts,' the judge may not actually testify in the proceeding or interject facts (excluding facts for which proper judicial notice is taken)." *U.S. v. Berber–Tinoco*, 510 F.3d 1083, 1091 (9th Cir.2007) (internal citation omitted).

■ Although KRE 201(a) specifically empowers courts to take judicial notice of "adjudicative facts," we must conclude that the taking of judicial notice which is derived from the court's personal knowledge of a fact peculiarly known to the judge is a fact neither "[g]enerally known within the county from which the jurors are drawn, or, in a nonjury matter, the county in which the venue of the action is fixed; [nor] [c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." KRE 201(b)(1)(2). Thus, we reaffirm our longstanding position that, under KRE 201, a trial judge is prohibited from relying on his personal experience to support the taking of judicial notice.

■ Procedurally, we cannot address Section 2 of KRE 201(b). That section allows judicial notice of a proposed fact if it is "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." However, KRE 201(e) states: "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." But procedurally, the taking of judicial notice on that ground was flawed.

■ The trial judge, in this case, proclaimed judicial notice without request of either lawyer, and then proceeded to dismiss the case in the same motion. There was no opportunity to make a "timely request" for "an opportunity to be heard." The judge did refer to "Smith and Wesson" as an apparent attempt to cite a source "whose accuracy cannot reasonably be questioned."[1] This was not sufficient.

In a jury trial, when it is requested that judicial notice be taken of a fact, the other party is afforded the opportunity to respond. No less right is afforded parties in a bench trial. Here, there was no opportunity to "reasonably" question the source. "The drafters of KRE 201, following the lead of most commentators, encouraged courts to give advance notification when feasible: 'If a court acts on its own initiative, the parties should be informed of the facts noticed and given an opportunity to respond.'" Lawson, *supra*, § 1.00 [5][e], at 20 (quoting *Evidence Rules Study Committee, Kentucky Rules of Evidence—Final Draft*, p. 16 (Nov.1989)).

Therefore, it was improper for the court to find judicial notice *sua sponte* and dismiss the case, all in one fell swoop. Judicial notice, as utilized in this case, was inappropriate.

The law is so certified.

MINTON, C.J.; ABRAMSON, NOBLE, SCHRODER and VENTERS, JJ., concur. SCOTT, J., dissents by separate opinion.

SCOTT, J., dissenting:

I respectfully dissent from the majority's certification limiting a court's judicial notice under KRE 201(b)(2), as the fact in issue in this case was clearly one "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," i.e., the manufacturer's manual, which states, "[d]uring [the observation] period the subject shall not have oral or nasal intake of substances which will affect the test." CMI, Inc., *Intoxilyzer 5000EN Breath Analysis Instrument Operator's Manual (Kentucky Model)* 12 (2000). Moreover, a prior decision establishes that a "burp" constitutes an "oral or nasal intake of substances which will affect the test." *See Eldridge v. Commonwealth*, 68 S.W.3d 388, 392 (Ky. App.2001) ("Belching and regurgitating may contaminate the mouth with alcohol volumes from the stomach, and this is a rational basis for re-administering the observation period.").

District Judge Armstrong has been doing this work for many years as a prosecutor and a judge and few would argue about the accuracy of his decision, especially in light of the fact that the trial lasted two days and involved evidence of the necessity of a twenty-minute observation period *prior* to the administration of the test. Yet, by this decision today, we deprive him and other trial judges of the ability to utilize their professional knowledge—"capable of [an] accurate and [a] ready determination"—in the determination of matters rightly before them. *See* KRE 201(b)(2). In effect, we are *overmanaging* our decision maker in a matter that had nothing to do with "fairness"—but now does! Thus, I must dissent.

---

1. We also note that the manufacturer of the breathalyzer was CMI, Inc., not Smith and Wesson. This further underscores how ill-advised it is for a judge to *sua sponte* take judicial notice based upon his own memory.